IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Ceasar, ) | C/A No. 0:10-486-MBS-PJG |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| A. Padula, Warden, ) | |
| Respondent. ) | |

The petitioner, David Ceasar ("Ceasar"),[1] a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 17.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (ECF No. 19.) Following an extension of time, Ceasar filed a cross-motion for summary judgment. (ECF No. 26.) In addition, Ceasar filed a motion for a hearing (ECF No. 26), which he later amended (ECF No. 32). Having carefully considered the parties' submissions and the record in this case, the court finds that Ceasar's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Ceasar was indicted in July 2001 in Sumter County for two counts of armed robbery and one count of possession of a weapon during a violent crime (01-GS-43-543). (App. 427-29, ECF Nos. 18-5 at 76 through 18-6 at 1.) Ceasar was represented by Hugh Ryan, Esquire, and Gwendolyn

---

[1]The record in this case contains references to both "Ceasar" and "Caesar."

PJG

Smalls, Esquire, and on November 18-21, 2010 was tried by a jury and found guilty of one count of armed robbery and possession of a weapon during a violent crime. (App. 409, ECF No. 18-5 at 58.) The circuit court sentenced Ceasar to life imprisonment for armed robbery and five years' imprisonment for possession of a weapon during a violent crime, both sentences to run currently. (App. 425, ECF No. 18-5 at 74.)

Ceasar filed a direct appeal and was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender for the South Carolina Office of Appellate Defense, who filed an Anders[2] brief on Ceasar's behalf. (ECF No. 18-7.) Ceasar filed a *pro se* response to the Anders brief. (ECF No. 18-8.) On February 27, 2004, the South Carolina Court of Appeals dismissed Ceasar's appeal. (State v. Ceasar, 2004-UP-138 (S.C. Ct. App. Feb. 27, 2004), ECF No. 18-9.) Ceasar filed a petition for rehearing (ECF No. 18-10) which was subsequently denied by order filed April 22, 2004 (ECF No. 18-11). The remittitur was issued on June 1, 2004. (ECF No. 18-12.)

On January 12, 2005, Ceasar filed a *pro se* application for post-conviction relief ("2005 PCR Action"). (Ceasar v. State of South Carolina, 05-CP-43-0045, App. 431-43, ECF No. 18-6 at 5-17.) On February 17, 2005, Ceasar, through counsel Charles T. Brooks, III, Esquire, submitted a memorandum in support of his PCR application. (App. 452-59, ECF No. 18-6 at 26-33.) On October 3, 2005, the PCR court held an evidentiary hearing at which Ceasar was present and testified and was represented by Paul L. Held, Esquire. (Hr'g Tr., App. 465-80, ECF No. 18-6 at 39-54.) At the conclusion of the hearing, the State moved for a directed verdict, which the PCR court granted.

---

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

(App. 477-79, ECF No. 18-6 at 51-53.) In an order filed January 26, 2006, the PCR judge denied and dismissed with prejudice Ceasar's PCR application. (App. 481-87, ECF No. 18-6 at 55-61.)

Ceasar appealed and was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender for the South Carolina Commission of Indigent Defense, Division of Appellate Defense, who filed a Johnson[3] Petition for Writ of Certiorari on Ceasar's behalf. (ECF No. 18-13.) In an order dated May 23, 2007, the South Carolina Supreme Court denied Ceasar's petition for a writ of certiorari. (ECF No. 18-14.) The remittitur was issued June 8, 2007. (ECF No. 18-15.)

Ceasar filed a second PCR application on December 8, 2008 ("2008 PCR Action"). (Ceasar v. State of South Carolina, 08-CP-43-02805, ECF No.18-16.) The State filed a return and motion to dismiss in which it argued that Ceasar's application should be dismissed because was successive to his prior PCR application and because it was untimely under the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (ECF No. 18-17.) On April 13, 2009, the court issued a conditional order of dismissal in which it noted its intent to dismiss Ceasar's second PCR application for the reasons stated in the States's motion. (ECF No. 18-18.) Ceasar responded to the conditional order. (ECF No. 18-19.) A final order of dismissal was issued on July 27, 2009. (ECF No. 18-20.)

Ceasar filed a *pro se* appeal (ECF No. 18-21) and thereafter filed an explanation as to why the decision of the lower court was improper pursuant to Rule 243(c) of the South Carolina Appellate Court Rules (ECF No. 18-22). On September 22, 2009, the South Carolina Supreme Court dismissed Ceasar's appeal. (ECF No. 21-1.) The remittitur was issued on October 8, 2009. (ECF No. 21-2.) Although Ceasar attempted to file a motion for reconsideration, it was not received

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).

by the court within the time period established by South Carolina Appellate Court Rule 221(a), and thus was not timely filed. (Clerk of Court Oct. 22, 2009 Letter, ECF No. 18-23.) Ceasar filed the instant petition for a writ of habeas corpus on February 24, 2010. (ECF No. 1.)

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Statute of Limitations**

The respondent argues that Ceasar's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Ceasar filed a direct appeal, his conviction became final on June 1, 2004, the date the South Carolina Court of Appeals entered the remittitur.[4] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on June 2, 2004 and expired on June 1, 2005, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation

---

[4] Because Ceasar did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The court observes that on February 19, 2009, the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009). However, Lyles had not been issued at the time of Ceasar's direct appeal. Therefore, South Carolina Supreme Court discretionary review was available and a prerequisite to seeking certiorari review from the United States Supreme Court.

period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Ceasar filed his first state PCR application on January 12, 2005. At that point, 225 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until June 8, 2007, when the South Carolina Supreme Court issued the remittitur from its order denying Ceasar's certiorari petition. At this time, Ceasar had 140 days of statutory time remaining, which means that Ceasar had until October 26, 2007 to file a timely federal habeas corpus petition.

Ceasar's filed a second PCR application on December 8, 2008; however, this application was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). Moreover, even if it had been filed before the expiration of the deadline, it would not toll the statute of limitations because the PCR court dismissed it as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Ceasar's statutory deadline expired on October 26, 2007.

Ceasar's federal Petition was filed on February 24, 2010. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, Ceasar filed his federal habeas Petition over two years after the expiration of the one-year limitations period under § 2244(d)(1)(A).

**C.     Ceasar's Arguments**

In response to the respondent's motion for summary judgment, Ceasar filed a cross-motion for summary judgment and a motion requesting an evidentiary hearing. (ECF No. 26.) In his motion, Ceasar contends that, because his trial counsel did not testify at Ceasar's October 3, 2005

PCR hearing, the record is "void of proof" supporting the denial of his 2005 PCR application. (Id. at 1.) Ceasar's motions present lengthy arguments pertaining to the merits of his Petition. (ECF Nos. 26 & 32.) However, he does not make any specific argument in response to the respondent's statute of limitations defense.

## RECOMMENDATION

Based upon the foregoing, the court finds that Ceasar's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 17) be granted and that Ceasar's motions for summary judgment and for a hearing (ECF Nos. 26 & 32) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 8, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).