IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| David Ceasar, #217220, ) | |
| ) | C/A No. 0:10-0486-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| A. Padula, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| ) | |

David Ceasar ("Petitioner") is a prisoner in the custody of the South Carolina Department of Corrections currently serving a life sentence for armed robbery and a concurrent five year sentence for possession of a weapon during a violent crime. On March 2, 2010, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Habeas Petition"). ECF No. 1. This matter is presently before the Court on Respondent's motion for summary judgment, ECF Nos. 17 & 18; Petitioner's cross-motion for summary judgment and motion for an evidentiary hearing, ECF No. 26; Petitioner's amended motion for an evidentiary hearing, ECF No. 32; and Petitioner's motion for a Certificate of Appealability ("COA"), ECF No. 42. For the reasons set forth below, the Court **GRANTS** Respondent's motion for summary judgment, ECF Nos. 17 & 18; **DENIES** Petitioner's cross-motion, ECF No. 26; **DENIES** Petitioner's motions for an evidentiary hearing, ECF Nos. 26 & 32; **DISMISSES** the Habeas Petition with prejudice; and **DENIES** Petitioner's motion for a COA, ECF No. 42.

I.     BACKGROUND

In July 2001, Petitioner was indicted on two counts of armed robbery and one count of

possession of a weapon during a violent crime. See Indictment, ECF No. 18-5 at 76–77; ECF No. 18-6 at 1. Petitioner was tried before a Sumter County jury in the Court of General Sessions on November 18–21, 2002 and convicted on one count of armed robbery and the weapons charge. See Trial Tr., ECF No. 18-1 at 6; ECF No. 18-5 at 58. Applying South Carolina's "Two-Strikes" law, the Honorable Thomas W. Cooper, Jr., sentenced Petitioner to life without possibility of parole for the armed robbery conviction. Petitioner was also assessed five years imprisonment on the weapons conviction, to run concurrently with his life sentence. Id. at ECF No. 18-5 at 72–74.

Petitioner filed a direct appeal to the South Carolina Supreme Court. On appeal, Petitioner was represented by Robert M. Pachak, Assistant Appellate Defender at the South Carolina Office of Appellant Defense. Pursuant to the procedure set forth in Anders v. California, 386 U.S. 738, 744 (1967), Mr. Pachak filed a petition stating that he did not believe that the appeal warranted a new trial, but that he had nevertheless briefed an arguable legal issue that arose during the course of trial—specifically, "[w]hether the trial court erred in refusing to charge the jury on the lesser included offense of strong armed robbery?" Final Anders Br., ECF No. 18-7. Petitioner independently filed a separate pro se appellate brief, which addressed the question of "[w]hether the trial court lacked subject matter jurisdiction to enter a conviction or impose [a] sentence for armed robbery or the related pistol possession charge[] because of a material variance in the indictments and the proof at trial." ECF No. 18-8 at 4. On February 27, 2004, the South Carolina Court of Appeals dismissed Petitioner's appeal by unpublished opinion. S.C. Ct. App. Unpublished Op. No. 2004-UP-138, ECF No. 18-9. Petitioner filed a pro se petition for rehearing, which was denied, and Remittitur was issued on June 1, 2004. See ECF Nos. 18-10, 18-11, 18-12.

Petitioner filed his first application for post-conviction relief (the "First PCR"), pro se, on

January 12, 2005. See PCR I, ECF No. 18-6 at 5. Through the First PCR, Petitioner sought vacation of his sentence with prejudice and an order mandating his immediate release based on his claims that he had been denied due process of law and that his trial counsel had been ineffective. Petitioner framed the issue as

> [Whether he had been] denied his fundamental right to effective assistance of [trial] counsel . . . due to counsel['s] lack of investigation pertaining to the indictment . . . which caused counsel . . . to fail to argue a Fourth Amendment claim, lack of jurisdiction, and due process of law where indictment was not properly processed?

Id. at 10.

On October 3, 2005, the Honorable Howard P. King in the Court of Common Pleas for Sumter County held an evidentiary hearing. See Hr'g Tr., ECF No. 18-6 at 39. Petitioner was represented by Paul Held, Esquire, at the hearing. When Petitioner testified he explained that the "material variance" between the indictment and the evidence at trial to which he objected was that the indictment alleged that Petitioner had used a pistol, but the evidence at trial was that he had used a revolver. See id. at 8:11–10:1. Petitioner also explained that he believed that he was entitled to a lesser included instruction and that he was prejudiced by the inclusion of a "hand of one . . . hand of all" conspiracy instruction, because "I didn't have any co-defendants or anything at that time." Id. at 10:2–23.[1] At the conclusion of the hearing, Judge King orally denied the First PCR. Id. at 14:3–15:11. An order followed on January 25, 2006. See Order, ECF No. 18-6 at 55–61.

Mr. Pachak, again acting as Petitioner's appellate counsel, filed a petition for writ of certiorari with the South Carolina Supreme Court pursuant to the procedure set forth in Johnson v.

---

[1] Petitioner acknowledged that his counsel had requested the lesser included instruction, but that the request had been denied by the court. Hr'g Tr. 10:10–14, ECF No. 18-6.

3

State, 364 S.E.2d 201 (S.C. 1988). Johnson Pet., ECF No. 18-13. Among Judge King's rulings was that, following the South Carolina Supreme Court's decision in State v. Gentry, 610 S.E.2d 494 (S.C. 2005), defects in an indictment no longer affect subject matter jurisdiction. See Order, ECF No. 18-6 at 58. Mr. Pachak briefed "the one arguable legal issue which arose during the post-conviction relief process," namely—"[w]hether the PCR judge erred in applying State v. Gentry retroactively to petitioner's case?" Johnson Pet., ECF No. 18-13 at 3, 7. Petitioner did not file a pro se petition. The South Carolina Supreme Court denied the Johnson petition by order issued on May 23, 2007 and Remittitur was issued on June 8, 2007. ECF Nos. 18-14, 18-15.

On December 8, 2008, Petitioner filed a second pro se PCR application (the "Second PCR"), alleging the following claims:

> [1.]   [Petitioner] was denied his Sixth and Fourteenth Amendment right to effective assistance of appellate counsel because his first [PCR] counsel failed to properly preserve issues of ineffective assistance of trial counsel for appellate review by failing to amend the first application to include the issues and failing to file a rule 59(e) motion after the hearing to preserve the issues for appellate review.
>         . . . .
> [2.]   Trial counsel was ineffective for failing to object to the Solicitor's vouching for the credibility of State's witnesses.
>         . . . .
> [3.]   The trial court lacked subject matter jurisdiction to enter a conviction or impose sentence in this matter due to prosecutorial misconduct, which denied the Applicant due process of law.

ECF No. 18-16 at 8, 13, 17. On July 20, 2009, the Honorable R. Ferrell Cothran, Jr., of the Court of Common Pleas for Sumter County issued an order dismissing the Second PCR as time-barred by the statute of limitations. ECF No. 18-20 at 2–4. Petitioner filed a pro se appeal, which was dismissed by the South Carolina Supreme Court on September 22, 2009. See ECF Nos. 18-22, 21-1. The Remittitur was issued on October 8, 2009. ECF No. 21-2.

Petitioner filed the instant Habeas Petition on March 2, 2010, alleging multiple grounds for relief. ECF No. 1. Petitioner alleges, first, that his "[c]onviction [was] obtained by use of evidence gained pursuant to an unconstitutional search and seizure," id. at 6–8; second, that his "[c]onviction [was] obtained by use of evidence obtained pursuant to an unlawful arrest," id. at 8–9; third, that he "was denied Due Process and Equal Protection of the law, Fifth and Fourteenth Amendment . . . when Petitioner was limited to Amend only one (1) issue" at his First PCR hearing, id. at 9–11; fourth, that he "was charged and brought to court with an invalid indictment per South Carolina Supreme Court ruling," id. at 11–13; fifth, that his "statement was extracted by threats and implied promises of leniency," id. at 13; sixth, that his appellate counsel was ineffective for failing to challenge the trial court's jury charges, id. at 13; seventh, that he "was convicted with uses of perjury testimony and false charges," id. at 13–14; eighth, that his "Brady [rights were] violated by the Trial Prosecutor [who] withheld notes which . . . should have [been disclosed] before trial to prepare defense," id. at 14; and ninth, that the "prosecutor committed misconduct by vouching for the credibility of the state's witnesses, and attacking the alibi witnesses['] credibility," id. at 14.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On June 21, 2010, Respondent filed a motion for summary judgment. ECF Nos. 17 & 18. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on June 22, 2010, advising Petitioner of the summary judgment motion and dismissal procedures and the possible consequences if he failed to respond adequately. Roseboro Order, ECF No. 19. After seeking and obtaining an extension of time to respond, Petitioner filed a response in opposition to Respondent's motion for summary judgment, a cross-motion for summary judgment, and a request for an

evidentiary hearing. ECF No. 26. On August 24, 2010, Petitioner filed an amended motion for an evidentiary hearing. ECF No. 32.

On September 8, 2010, the Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that the Court grant Respondent's motion for summary judgment and dismiss the Habeas Petition with prejudice as time-barred. R&R 7, ECF No. 33. After obtaining an extension of time to respond, Petitioner filed an objection to the R&R on October 13, 2010. Pet'r's Objection, ECF No. 39. On November 2, 2010, Petitioner filed a motion for a COA. ECF No. 42.

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight—the ultimate responsibility for making a final determination remains entirely with this Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's R&R. Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982).

Because the Habeas Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Petitioner's claims are subject to 28 U.S.C. § 2244(d), as amended. The AEDPA imposes a one-year limitations period on habeas applications by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The

limitations period runs

> . . . from the latest of—
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In rare circumstances, the one-year limitations period may be equitably tolled, but "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, -- U.S. --, 130 S.Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

### III.   PETITIONER'S OBJECTIONS

Petitioner argues that the Habeas Petition is not time-barred for several reasons. First, Petitioner contends that he is entitled to equitable tolling. Petitioner, however, fails to show that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130

S.Ct. at 2562 (quoting Pace, 544 U.S. at 418). Accordingly, this objection is overruled.

Second, Petitioner argues that the one-year limitations period should not have been calculated under 28 U.S.C. § 2244(d)(1)(A), but rather under subsections (B) or (D), which address circumstances where a petitioner is prevented from filing his claims by state action or bases his claims on newly discovered evidence that could not previously have been discovered by due diligence. If 28 U.S.C. § 2244(d)(1)(A) applies, Petitioner's conviction became "final" and the one-year limitations period began running on **June 1, 2004**, the day that the South Carolina Court of Appeals issued the Remittitur disposing of Petitioner's direct appeal. Petitioner filed the First PCR 225 days later, on **January 12, 2005**. While the First PCR was pending, the limitations period was tolled. The limitations period began to run again on **June 8, 2007**, when the South Carolina Supreme Court issued its Remittitur denying Petitioner's petition for writ of certiorari. Because 225 days of the limitations period had already run, Petitioner thereafter had 140 days, or until **October 26, 2007**, to file his Habeas Petition. Petitioner's Second PCR was not filed until well after that date, on December 8, 2008, and the Habeas Petition was not filed until March 2, 2010.

Petitioner, however, argues that he could not have known that "the state court would hinder him from addressing claims at [the] first pcr hearing and not have trial or appellate counsel testify at [the] hearing." Pet'r's Objections 3, ECF No. 39. Assuming for the sake of argument that this is a proper basis for an objection, Petitioner would have become aware of these facts by the conclusion of the First PCR Hearing held on October 3, 2005. Therefore, even if such a discovery could have triggered the one-year limitations period, the Habeas Petition would still have been untimely. Therefore, Petitioner's objection is overruled.

Next, Petitioner argues that, the Court should find that the "actual innocence" exception first

recognized by the United States Supreme Court in Schlup v. Delo, 513 U.S. 298 (1995), saves his claims from dismissal. In Schlup, the Supreme Court "recognized . . . that a showing of actual innocence can serve as a 'gateway'" through which a habeas petitioner may "secure the adjudication of his otherwise defaulted constitutional claims." Wolfe v. Johnson, 565 F.3d 140, 164 (4th Cir. 2009) (citing Schlup, 513 U.S. at 315). A habeas petitioner seeking to use the exception "is obliged to demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Id. (quoting Schlup, 513 U.S. at 327)). The petitioner bears the burden of showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327. The Fourth Circuit has held that the exception "applies in non-capital sentencing . . . in the context of eligibility for application of a career offender or other habitual offender guideline provision." United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) (citing and discussing United States v. Maybeck, 23 F.3d 888, 892–93 (4th Cir. 1994)).[2]

Petitioner does not argue that he was actually innocent of the crimes of which he was convicted, but rather that his trial counsel unreasonably failed to challenge the court's use of a prior conviction to impose a mandatory life sentence under South Carolina's "Two-Strikes" law. See Pet'r's Objections 9, ECF No. 39; see also S.C. Code Ann. § 17-25-45. Specifically, Petitioner argues that, because when he obtained his prior "strike" for armed robbery he was adjudicated as a "youthful offender," that offense could not legally serve as the basis for the imposition of the mandatory life sentence. In support, Petitioner relies on State v. Ellis, 547 S.E.2d 490 (S.C. 2001),

---

[2] The United States Supreme Court has yet to decide whether the exception recognized in Schlup should be extended to noncapital sentencing errors. See Dretke v. Haley, 541 U.S. 386, 393–94 (2004) (declining to reach the issue).

in which the South Carolina Supreme Court held that the appellant was not eligible for sentencing under the Two-Strikes law where the prior conviction was a juvenile adjudication of delinquency based on a finding that the appellant had committed voluntary manslaughter. Id. at 492.

Petitioner's argument ignores the difference between a juvenile adjudication and the classification, under South Carolina law, as a "youthful offender." In South Carolina, a person less than seventeen years of age who commits a crime is generally considered a "child" or "juvenile" and is under the jurisdiction of the family court. See S.C. Code Ann. § 63-19-20(1). Children or juveniles charged with certain classes of crimes, however, may be subject to the jurisdiction of the general circuit court to be tried as adults. See S.C. Code Ann. § 63-19-1210. South Carolina's Youthful Offender Act (the "Youthful Offender Act") affords flexibility in sentencing "youthful offenders" charged in or transferred to the general circuit court. See S.C. Code Ann. § 24-19-10 et seq.[3] Accordingly, if Petitioner received a sentence under the Youthful Offender Act then, by definition, he was not adjudicated as a "juvenile" and his argument that his predicate conviction could not serve as a basis for his sentence under the Two-Strikes law is foreclosed by South Carolina Supreme Court precedent.

The controlling case is not Ellis, but State v. Standard, 569 S.E.2d 325 (S.C. 2002). In Standard, the Court considered whether the Two-Strikes law was properly applied to a defendant whose previous "strike" was for an armed robbery committed when he was fifteen years old. The defendant had not been tried in family court; instead, he "was waived up to general sessions court,"

---

[3]     The definition for "youthful offender" has been amended over the years, but where the Act has applied to persons under seventeen years of age, it has only applied to those whose cases are either originally subject to or are transferred to the general circuit court. See S.C. Code Ann. § 24-19-10.

10

where he pled guilty and was given a youthful offender sentence. Id. at 326–27. He served approximately three years. Then, shortly after the defendant was released, he was accused of breaking into and vandalizing a mobile home. Id. at 327. He was tried and convicted for burglary in the first degree and grand larceny. Based on his prior conviction for armed robbery, the court sentenced the defendant to life without the possibility of parole under the Two-Strikes law. Id. The Court found that the sentence was proper, distinguishing Ellis on the grounds that "[u]nlike [as in] Ellis, . . . [the defendant] here was tried and adjudicated as an adult, such that his guilty plea to armed robbery in general sessions court **is** a conviction for purposes of sentencing under [the Two-Strikes law.]" Id. at 328 (emphasis in original). Accordingly, Petitioner's objection that his youthful offender conviction could not properly serve as a predicate conviction for his sentence is also overruled.[4]

### IV.    PETITIONER'S MOTIONS FOR AN EVIDENTIARY HEARING

Finally, Petitioner objects to the Magistrate Judge's failure to "address[] whether Petitioner was entitled to an evidentiary hearing" on his substantive claims. Pet'r's Objections 5, ECF No. 39. Petitioner also filed two independent motions seeking an evidentiary hearing. Pet'r's Cross-Mot. For Summ. J. & Mot. For Evidentiary Hr'g, ECF No. 26; Pet'r's Am. Mot. For Evidentiary Hr'g, ECF No. 32. A habeas petitioner, however, is not entitled to an evidentiary hearing as a matter of right. The Court need only hold such a hearing if the petitioner "'present[s] a *colorable* claim' to

---

[4]     Petitioner also argues that his enhanced sentence was unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), which Petitioner contends requires that the finding that he had committed the earlier crime that made him eligible for sentencing under a recidivism statute "be made by a jury beyond a reasonable doubt." Pet'r's Objections 14, ECF No. 39. This argument has been rejected by the United States Supreme Court. See United States v. Cheek, 415 F.3d 349, 352–53 (4th Cir. 2005) (discussing Supreme Court cases).

11

relief, by showing that . . . alleged additional [disputed material] facts, if true, would at least arguably compel the granting of the writ." Poyner v. Murray, 964 F.2d 1404, 1422 (4th Cir. 1992) (quoting Becton v. Barnett, 920 F.2d 1190, 1195 (4th Cir. 1990)) (emphasis in original). Because the Court finds that the Habeas Petition is time-barred, an evidentiary hearing on the substantive merits of the time-barred claims would serve no purpose. Petitioner's request for a hearing is therefore denied.

## V.     CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a COA when it enters a final order adverse to the applicant. A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). The Court concludes that Petitioner has not made the requisite showing. Accordingly, the Court denies Petitioner's motion for a COA.

## VI.    CONCLUSION

As discussed above, the Court finds that Petitioner's Habeas Petition was untimely. Respondent's motion for summary judgment, ECF Nos. 17 & 18, is **GRANTED.** Petitioner's cross-motion for summary judgment is **DENIED**, ECF No. 26; Petitoner's motions for an evidentiary hearing are **DENIED**, ECF Nos. 26 & 32; Petitioner's motion for a COA is **DENIED**, ECF No. 42; and Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH**

**PREJUDICE**. The Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

IT IS ORDERED.

<u>/s/ Margaret B. Seymour</u>
United States District Judge

February 10, 2011
Columbia, South Carolina